**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

—————————————————————

|  |  |  |
|---|---|---|
| JOHN ALAIMO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No.: 2:19-CV-03594-CMR |
| | : | |
| ZWICKER & ASSOCIATES, P.C. | : | **AMENDED COMPLAINT** |
| | : | |
| Defendant. | : | |
| | : | **JURY TRIAL DEMANDED** |

—————————————————————:

1.      Plaintiff, JOHN ALAIMO brings this Amended Complaint against ZWICKER & ASSOCIATES, P.C. ("Defendant") and states as follows:

## I.      INTRODUCTION

2.      This is an action for actual and statutory damages brought by Plaintiff John Alaimo, as an individual consumer against Defendant ZWICKER & ASSOCIATES, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.      PARTIES

3.      Plaintiff, John Alaimo, is a natural person residing at 3 Poole Street, Pittston, PA 18640 and is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3), and a person affected by violations of the FDCPA with standing to bring this claim under 15 U.S.C. §1692.

4.      Defendant is Zwicker & Associates, P.C., located at 3220 Tillman Drive, Suite 215, Bensalem, PA  19020.  Defendant is a law firm and "debt collector", as that term is defined by 15 U.S.C. §1692(a)(6), whose primary services involve collecting debts.

5.      In furtherance of its debt collecting activity, Defendant routinely, and in mass quantity, institutes collection complaints in various state courts throughout the Commonwealth of Pennsylvania.

## III.      JURISDICTION AND VENUE

6.      Jurisdiction of this court arises under 15 U.S.C. §1692(k) and 28 U.S.C. §1331.

7.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Defendant is a resident of this District.

## IV.      STATEMENT OF FACTS

8.      In connection with its attempt to collect a debt on behalf of its client, Discover Bank, Defendant, on August 3, 2018, filed a complaint against Plaintiff in the Court of Common Pleas of Luzerne County, with an attached "Notice to Defend – Civil".  See Exhibit A.

9.      Said complaint was served on Plaintiff on August 17, 2018.  See Exhibit B.

10.      Contrary to the requirements of Pa.R.C.P. 1018.1 and local Luzerne County Civil Procedure Rule 1018.1, the notice on the complaint failed to provide the correct address and phone number for the Plaintiff herein (defendants therein) to contact regarding obtaining information about hiring a lawyer.

11.      In fact, the notice provided false and misleading information about where to obtain information about hiring a lawyer.

12.     The notice provided:

(a)     a wrong name of "Legal Services of Northeastern Pennsylvania";

(b)     a wrong address of 410 Bicentennial Building, 15 Public Square, Wilkes Barre, PA 18701; and,

(c)     a wrong phone number of (570) 825-8567.

See Exhibit A.

13.     At material issue herein are Rule 1018.1 of the Pennsylvania Rules of Civil Procedure and local Luzerne County Civil Procedure Rule 1018.1.

14.     Pa.R.C.P. 1018.1(a) requires that: "Every complaint filed by a plaintiff… shall begin with a notice to defend in substantially the form set forth in subdivision (b)…"

15.     The form, as prescribed by subdivision (b) of Rule 1018.1, is required to state in pertinent part as follows:

> … YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
>
> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED OR NO FEE.

16.     Subdivision (c) of Rule 1018.1 then goes on to state that:  "Each court shall by local rule designate the officer, organization, agency or person to be named in the notice from who information."

17.     Subdivision (d) of Rule 1018.1 also allows a county court to require the Notice also be repeated in languages other than English.

18.     As required by Pa.R.C.P 1018.1(c), Luzerne County Civil Procedure Rule 1018.1 designates the following contact information for defendants, in civil lawsuits, to reach out to if they need legal assistance:

> North Penn Legal Services, Inc.
> 33 N. Main Street
> Suite 200
> Pittston, PA  18640
> (570) 299-4100
> (877) 953-4250 Toll Free
> (570) 824-0001 Fax
>
> 101 West Broad Street
> Suite 513
> Hazelton, PA  18201
> (570) 455-9512
> (877) 953-4250 Toll Free
> (570) 455-3625 Fax
>
> Servicios Legales de North Penn, Inc.
> 33 la Calle Main del Norte, Oficina 200
> Pittston, PA  18640
> (570) 299-4100
> (877) 953-4250 Llamada gratuita
> (570) 824-0001 Fax
>
> 101 la Calle Broad del Oeste
> Oficina 513
> Hazelton, PA 18201
> (570) 455-9512
> (877) 953-4250 Llamada gratuita
> (570) 455-3625 Fax

See Exhibit C.

19.     As permitted by Pa.R.C.P. 1018(d), Luzerne County also requires that the notice be in both English and Spanish.

20.     Said Luzerne County Local Rule was adopted Feb. 16, 2017, effective 30 days after publication in the Pennsylvania Bulletin. The Rule was published in the Pennsylvania Bulletin on March 4, 2017, thereby making the Rule effective April 3, 2017.  See 47 Pa.B. 1279, (copy attached hereto as Exhibit D).

21.     The aforesaid notice, served by Defendant on Plaintiff, was false, misleading, deceptive, unfair, false, erroneous and in violation of rules of civil procedure.

22.     The aforesaid false, misleading and deceptive notice served by Defendant on Plaintiff was material in that it was supposed to provide information about where Plaintiff could go, and who to contact, to get information about hiring a lawyer.

23.     Further, the aforesaid false, misleading and deceptive notice was material in that proper notices in civil actions in the Commonwealth of Pennsylvania are absolute prerequisites for procuring valid judgments against  defendants; indeed, failure to provide notices compliant with the Pennsylvania Rules of Civil Procedure are considered "fatal defects" which make subsequent purported judgment void *ab initio*.  See, e.g., Oswald v. WB Public Square Associates, LLC, 80 A.3d 790 (Pa. Super. 2013).

24.     Defendant's aforesaid wrongful conduct violated the FDCPA in at least the following specific respects:

    a)     § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person;

b)      § 1692e by using any other false, deceptive, or misleading representation or means in connection with the debt collection;

c)      § 1692e(10) by using false representation or deceptive means to collect a debt;

d)      § 1692f by using an unfair or unconscionable means to collect or attempt to collect the alleged debt;

e)      § 1692f(1) by attempting to collect an amount not authorized by an agreement creating the purported debt or permitted by law.

**COUNT I:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

25.     Plaintiff incorporate by reference the foregoing paragraphs as though the same were fully set forth at length herein.

26.     At the time the Defendant served Exhibit A on Plaintiff, the Defendant knew or should have known that the correct name, address and phone number to include on Exhibit A was the information as shown on Exhibit C to this Amended Complaint.

27.     Based on the allegations herein, Defendant's use of the false, misleading and deceptive notice are not isolated incidents, given that Defendant frequently files collection complaints in Luzerne County and other parts of Pennsylvania.

28.     The use and service of Exhibit A by the Defendant in the state court collection against Plaintiff is material in that it was supposed to provide information about where Plaintiff could go, and who to contact, to get information about hiring a lawyer.

29.     Further, Exhibit A is material in that proper notices in civil actions in the Commonwealth of Pennsylvania are absolute prerequisites for procuring valid judgments against defendants; indeed, failure to provide notices compliant with the Pennsylvania Rules of Civil

Procedure are considered "fatal defects" which make subsequent purported default judgments void *ab initio*.

30.     As a direct result of Defendant's failure to include the correct information (as shown on <u>Exhibit C</u>), the notice would mislead the least sophisticated consumer with respect to their contacting North Penn Legal Services, Inc. and, thereby, adversely affect, if not deprive them, of an important and fundamental legal and procedural right associated with defending against the collection complaint.

31.     For the foregoing reasons, the Defendant has violated 15 U.S.C. § 1692d; 15 U.S.C. § 1692e(2)(A); 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692f; and/or 15 U.S.C. § 1692f(1).

32.     Defendant is liable to the Plaintiff for statutory damages in the amount of $1,000.00 per individual, actual damages in an amount to be determined, and Plaintiff's attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

b)      judgment against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a);

c)      judgment against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a); and,

d)      an award of costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

e)      such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury on all triable claims.

LAW OFFICE OF JOSEPH M. ADAMS


By: */s/ Joseph M. Adams*
Joseph M. Adams, Esq.
200 Highpoint Drive
Suite 211A
Chalfont, PA  18914
Tele:  215-996-9977
josephmadamsesq@verizon.net
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph M. Adams, hereby certify that a copy of the foregoing Amended Complaint was

served via first class, U.S. Mail, postage prepaid, upon:

Zwicker & Associates, P.C.
3220 Tillman Drive
Suite 215
Bensalem, PA  19020

*/s/ Joseph M. Adams*
Joseph M. Adams

Dated: August 29, 2019

# Exhibit "A"

# IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY, PENNSYLVANIA

DISCOVER BANK,
      Plaintiff

vs.

JOHN ALAIMO ,
      Defendant(s)

Civil Action No.

*2018-08840*

## NOTICE TO DEFEND – CIVIL

You have been sued in Court. If you wish to defend against the claim set forth in the following papers, you must take action within twenty (20) days after this complaint and notice are served by entering an appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without any further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LEGAL SERVICES OF NORTHEASTERN PENNSYLVANIA INC
410 BICENTENNIAL BLDG.,
15 PUBLIC SQUARE
WILKES-BARRE, PA 18702
570-825-8567

LAWYER REFERRAL SERVICE:
PENNSYLVANIA LAWYER REFERRAL SERVICE
800-692-7375

# Exhibit "B"

# SHERIFF'S OFFICE OF LUZERNE COUNTY

**Brian M. Szumski**
*Sheriff*

PROTHONOTARY LUZERNE COUNTY
C. David Pedri
County Manager
FILED AUG 24 '18 PM 1:10

**Joan Hoggarth**
*Director of Judicial Services & Records*

| | |
|---|---|
| DISCOVER BANK<br>vs.<br>JOHN ALAIMO | **Case Number**<br>8840-18 |

## SHERIFF'S NOTICE OF SERVICE

08/14/2018   12:06 PM - DEPUTY DONALD KRESESKI, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THAT SERVICE OF THE COMPLAINT & NOTICE UPON JOHN ALAIMO AT 3 POOLE STREET, PITTSTON, PA 18640 WAS ATTEMPTED ON AUGUST 14, 2018 AT 12:06 PM.

08/17/2018   10:16 AM - DEPUTY MAURICE LAMOREUX, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT & NOTICE WAS SERVED UPON JOHN ALAIMO OF 3 POOLE STREET, PITTSTON, PA 18640 BY HANDING A TRUE AND ATTESTED COPY TO THE DEFENDANT AT THE LUZERNE COUNTY SHERIFF'S OFFICE, 200 NORTH RIVER STREET, WILKES-BARRE, PA 18711, AND MADE KNOWN THE CONTENTS THEREOF.

*Maurice Lamoreux*

MAURICE LAMOREUX, DEPUTY

SHERIFF COST: $71.00

SO ANSWERS,

August 17, 2018

BRIAN M. SZUMSKI, SHERIFF

(c) CountySuite Sheriff, Teleosoft, Inc.

# Exhibit "C"

**Rule 1018.1. Notice to Defend, PA R LUZERNE CTY RCP Rule 1018.1**

---

Purdon's Pennsylvania Statutes and Consolidated Statutes
   Pennsylvania Local Court Rules--Central Region
      Luzerne County
         Rules of Civil Procedure
           Actions at Law

---

Luz. Co. C.P.R. No. 1018.1

Rule 1018.1. Notice to Defend

Currentness

(a) In accordance with Pa. R.C.P. No. 1018.1, every complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant shall begin with a Notice to Defend.


(b) The Notice to Defend shall be in both English and Spanish.


(c) The required Notice to Defend shall be in substantially the following form:

(Caption)

NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

AVISO

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por

**Rule 1018.1. Notice to Defend, PA R LUZERNE CTY RCP Rule 1018.1**

el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRíJASE O LLAME POR TELéFONO A LA OFICINA CUYA DIRECCIóN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIóN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRíA PROPORCIONARLE INFORMACIóN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REúNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

| | |
|---|---|
| North Penn Legal Services, Inc. | Servicios Legales de North Penn, Inc. |
| 33 N. Main Street, | 33 la Calle Main del Norte, Oficina 200 |
| Suite 200 | Pittston, PA 18640 |
| Pittston, PA 18640 | (570) 299-4100 |
| (570) 299-4100 | (877) 953-4250 Llamada gratuita |
| (877) 953-4250 Toll free | (570) 824-0001 Fax |
| (570) 824-0001 Fax | |
| 101 West Broad Street | 101 la Calle Broad del Oeste |
| Suite 513 | Oficina 513 |
| Hazleton, PA 18201 | Hazleton, PA 18201 |
| (570) 455-9512 | (570) 455-9512 |
| (877) 953-4250 Toll free | (877) 953-4250 Llamada gratuita |
| (570) 455-3625 Fax | (570) 455-3625 Fax |

**Credits**
[Adopted Feb. 16, 2017, effective 30 days after publication in the *Pennsylvania Bulletin*.]

<Headings in brackets [ ] have been supplied by the publisher.>

Luz. Civil Procedure Rule 1018.1, PA R LUZERNE CTY RCP Rule 1018.1
Current with amendments received through December 1, 2018.

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

# Exhibit "D"

# THE COURTS

## LUZERNE COUNTY

## Adoption and Repeal of Rules of Civil Administration; Local Rules of Civil Procedure; No. 1742 of 2017

**[47 Pa.B. 1279]**
**[Saturday, March 4, 2017]**

### Order

And now, this 16th day of February, 2017, it is hereby *Ordered* and *Decreed* as follows:

1. The Luzerne County Court of Common Pleas hereby adopts the Luzerne County Rules of Civil Procedure as follows.

2. All Luzerne County Rules of Civil Procedure (excepting all Luzerne County Family Court Rules, which are contained in a separate document and which are not affected by this Order), as they appear prior to the effective date of this Order on the Administrative Office of the Pennsylvania Courts' ("AOPC") website, the Luzerne County Court's website, or in any other publication are repealed as of the thirtieth day of their publication in the *Pennsylvania Bulletin*.

3. Pursuant to Pa.R.J.A. 103(d) and Pa.R.C.P. 239(c), the following Luzerne County Rules of Civil Procedure shall be disseminated and published in the following matter:

a. One copy via email to the Administrative Office of Pennsylvania Courts;

b. Two paper copies and one electronic copy in a Microsoft Word format only on a CD-ROM to the Legislative Reference Bureau for publication in the *Pennsylvania Bulletin*;

c. One copy for publication on the Court's website, located at www.luzernecountycourts.com; and,

d. One copy to the Luzerne County Office of Court Administration, Luzerne County Law Library, and the Luzerne County Clerk of Judicial Records for public inspection and copying.

*By the Court*

PA Bulletin, Doc. No. 17-375

RICHARD M. HUGHES, III,
President Judge

## Rules of Civil Procedure

**\*\*Note**: All rules governing family law proceedings have been separated from this document and can be found in the "Luzerne County Family Court Rules."

## Rules of Construction

## Rule 51.  Title and Citation of Rules.

All rules adopted by the 11th Judicial District—Court of Common Pleas of Luzerne County pertaining to civil procedures shall be known as the Luzerne County Court of Common Pleas Rules of Civil Procedure and may be cited as "Luz.Co.R.C.P. No. ____ ."

## Rule 52.  Effective Date of Rules.

Each rule adopted by the Court of Common Pleas of Luzerne County, whether civil, family, judicial administration, criminal, orphans,' or governing district justices, shall become effective thirty (30) days after publication in the *Pennsylvania Bulletin*; but, no rule shall be effective until notice of its promulgation is published in the "*Luzerne Legal Register*." The content of each rule promulgated shall be made available through the Wilkes-Barre Law and Library Association and the Luzerne County Court website at www.luzernecountycourts.com, and as mandated by law or rule of the Supreme Court of Pennsylvania.

## Rule 76.  Definitions.

Unless the context clearly indicates otherwise, each word or phrase when used in any rule promulgated by the Court of Common Pleas of Luzerne County shall have the same meaning as that word or phrase is given in the Pennsylvania Rules of Civil Procedure, with the exception of the following:

"court" or "the court" shall mean the Court of Common Pleas of Luzerne County;

"rule" shall mean any rule of civil procedure promulgated by the Court of Common Pleas of Luzerne County;

"party" or "parties" shall mean the party or parties appearing in a civil action pro se, or the attorney or attorneys of record for such party or parties, where appropriate; and,

"Clerk of Judicial Records" shall mean the Luzerne County Division of Judicial Services & Records (Civil Division) and, interchangeably, may be designated as the Prothonotary.

## Rule 101.  Principles of Interpretation.

The procedure for hearing and deciding appeals from decisions of municipal governing bodies with respect to land use matters shall be the same as for zoning hearing board appeals, except that the case may be placed on a Miscellaneous Court list if there are disputed questions of fact pertaining to the appeal.

## Rule 290.  Eminent Domain.

(a) *Petition for the appointment of viewers.*

(1)  The petition shall be filed with the Clerk of Judicial Records.

(2)  Three copies of the petition and one proposed order to appoint viewers shall be delivered to the Office of Court Administration for transmittal to the court and to the appointed viewers.

(3)  The initial petition presented to the court in any eminent domain preceding shall cite the statute under which the petition is filed.

(b)  Viewers shall be sworn to discharge the duties of their appointment as viewers with impartiality and fidelity according to the best of their learning and ability, upon their initial appointment to the board of view, and, thereafter, need not be sworn in any proceeding referred to them.

(c)  A hearing shall be held at the time fixed by the viewers, and witnesses shall be directed by the viewers or by the parties to appear at a time certain.

(d)  Stenographic records of hearings will not be made except in unusual cases where, for good cause shown, the court has ordered the testimony to be taken stenographically or electronically or a party has arranged for a stenographer with notice to all parties.

(e)  Payment of the viewers shall be assessed by the court against the parties with each party paying an equal share of the costs, unless otherwise determined by the court by separate motion.

## Service of Original Process and Other Legal Papers

## Rule 430(a).  Official Periodical.

The *"Luzerne Legal Register"* is designated as the county legal periodical for the publication of legal notices.

## Actions at Law

## Rule 1018.1.  Notice to Defend.

(a)  In accordance with Pa.R.C.P. No. 1018.1, every complaint filed by a plaintiff and every complaint filed by a defendant against an additional defendant shall begin with a Notice to Defend.

*PA Bulletin, Doc. No. 17-375*

(b)  The Notice to Defend shall be in both English and Spanish.

(c)  The required Notice to Defend shall be in substantially the following form:

**(Caption)**
**NOTICE**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

**AVISO**

A USTED SE LE HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría seguir adelante sin usted y un fallo podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIóN SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACIóN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIóN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

North Penn Legal Services, Inc.
33 N. Main Street,
Suite 200
Pittston, PA 18640
(570) 299-4100

*PA Bulletin, Doc. No. 17-375*

(877) 953-4250 Toll free
(570) 824-0001 Fax

Servicios Legales de North Penn, Inc.
33 la Calle Main del Norte, Oficina 200
Pittston, PA 18640
(570) 299-4100
(877) 953-4250 Llamada gratuita
(570) 824-0001 Fax

101 West Broad Street
Suite 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 Toll free
(570) 455-3625 Fax

101 la Calle Broad del Oeste
Oficina 513
Hazleton, PA 18201
(570) 455-9512
(877) 953-4250 Llamada gratuita
(570) 455-3625 Fax

## Rule 1028(c).  Procedure for Filing of Preliminary Objections.

(a)  A party filing preliminary objections shall file the same, along with a comprehensive brief in support, and proposed order, with the Clerk of Judicial Records. A rule to show cause shall not be presented or filed with preliminary objections.

(b)  After filing, as provided in subsection (a), the moving party shall immediately:

(1)  Serve a copy of the preliminary objections, the comprehensive brief, and proposed order upon the District Court Administrator;

(2)  File with the District Court Administrator a Civil Argument Sheet, which is available at the Office of Court Administration; and,

(3)  Serve a copy of the aforementioned upon all opposing parties.

(c)  Within twenty (20) days after service of the preliminary objections, supporting brief and proposed order, any party wishing to contest the same shall file a comprehensive brief in opposition with the Clerk of Judicial Records and serve the same upon all parties and the District Court Administrator who shall then assign it to a Judge and shall so notify all parties.

(d)  The preliminary objections shall be ruled upon without oral argument unless requested by any party, or ordered by the court. The request must be filed with the District Court Administrator contemporaneously with the filing of the party's brief or, thereafter, with the Judge to whom the preliminary objections have been assigned.